

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BENJAMIN R. SINGLETON, )
)
    Plaintiff, )
)
v. )   Case No. CV406-075
)
STATE OF GEORGIA DEPARTMENT )
OF CORRECTIONS, OFFICER FNU )
HAYNES, SGT. FNU JOHNSON SGT. )
FNU LUMPKIN, DOUGLAS FRANKS, )
JANE DOE #1, Nurse, JANE DOE )
#2, Nurse, and DARLENE PARKER, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

On March 28, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

Plaintiff seeks compensatory and punitive damages for injuries allegedly sustained during a fire that engulfed a prison transport vehicle in which he was riding on February 19, 2004. Doc. 1. According to the complaint, Officer Haynes and Sergeant Johnson of the Georgia State Prison were transporting plaintiff, along with other inmates, to the Georgia

State Prison in Reidsville, Georgia, when the vehicle in which they were traveling caught fire. The inmates had informed Sgt. Johnson that they smelled burning rubber, but Sgt. Johnson continued to drive the vehicle for another ten miles, not stopping until the vehicle was engulfed in flames. Once he stopped the vehicle, Sgt. Johnson refused to let the inmates out of the locked cage in the back of the vehicle, causing plaintiff to inhale smoke for several minutes. When Officer Haynes opened the cage to allow the inmates to exit the vehicle, the other inmates pushed plaintiff to the floor as he endeavored to retrieve his "legal documents" and trampled him as they exited the vehicle.[1] Plaintiff asserts that the smoke he inhaled while trapped in the vehicle caused his lungs, throat, and chest to burn and that he suffered a back injury when the other inmates walked over him.

Upon arriving at the Georgia State Prison, plaintiff informed two Jane Doe nurses that he was suffering severe pain in his chest and lower back. These nurses measured plaintiff's vital signs, completed an incident report, and informed plaintiff that he would receive medical attention at

---

[1] Plaintiff's statement that, in the midst of this fire, he took time to collect his legal documents before exiting the vehicle speaks volumes about the true nature of this incident. If plaintiff were experiencing significant physical distress and fearing for his life, it seems unlikely that he would have delayed his exit from the vehicle in order to retrieve those papers. Needless to say, the Court harbors a degree of skepticism about plaintiff's allegations.

another facility. Plaintiff was then taken to the Liberty County Jail and the incident report was given to officials at that facility. Upon arriving at the Liberty County Jail, plaintiff discussed his situation and injuries with Officer King, who referred him to Douglas Franks, the Jail Administrator, and Sergeant Lumpkin. Although plaintiff does not explain his interaction with these individuals, he states that Mr. Franks told plaintiff's mother that plaintiff would be taken to a hospital for evaluation, but plaintiff alleges that he was never taken to a hospital.[2]

During his medical evaluation at the Liberty County Jail on February 25, 2004, defendant Darlene Parker, a nurse at the jail, allegedly told plaintiff that it was not her responsibility to ensure that he received medical treatment and refused to treat him. Plaintiff submitted a grievance, presumably regarding the pain in his chest and back and lack of medical care, to Officer K. Bacon at the Liberty County Jail.

Reading plaintiff's complaint in a light most favorable to him, plaintiff alleges that Sgt. Johnson was deliberately indifferent to his safety by continuing to drive the transport vehicle despite the inmates' warnings that

---

[2] Plaintiff never describes any personal encounters with Sgt. Lumpkin and simply states that Officer King told plaintiff that he needed to speak with Sgt. Lumpkin regarding his complaints, but that Sgt. Lumpkin's shift was about to end.

they smelled burning rubber and by failing to unlock the cage so that the inmates could exit the vehicle once it caught fire. Plaintiff makes no specific allegations against Officer Haynes; rather, his description of the events suggests that Officer Haynes acted appropriately at all times. Plaintiff also alleges that two Jane Doe nurses at the Georgia State Prison and Darlene Parker at the Liberty County Jail acted with deliberate indifference to his medical needs by refusing to treat him for his chest and lower back pain.

The Court finds that these facts, as stated by plaintiff and read in a way most favorable to him, state a cognizable claim on which relief may be granted. See Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) ("When officials become aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection"); Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001) (prison officials are liable for violating the Eighth Amendment when they are aware of a substantial risk of harm to the inmates and fail to take reasonable measures to alleviate that risk); Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes

the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment") (internal citation omitted). Service upon defendants Sgt. Johnson, Jane Doe #1, Jane Doe #2, and Darlene Parker is proper at this time.[3]

As for the remaining defendants, plaintiff has failed to state a colorable claim under § 1983 against Officer Haynes, the Georgia Department of Corrections, Sergeant Lumpkin, Officer K. Bacon, and Douglas Franks.

Plaintiff has named the Georgia Department of Corrections as a defendant. However, the Eleventh Amendment bars a plaintiff from suing a state or its agencies in federal court unless the state has expressly waived its sovereign immunity and consented to the suit. Welch v. Tex. Dep't of

---

[3]The Court recognizes that plaintiff's claims only just escape dismissal for failure to state a claim cognizable under § 1983, for it is well settled that a prison official's negligence in failing to protect an inmate from harm does not give rise to a cause of action under § 1983. Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); see also Estelle, 429 U.S. at 105-06 (an inadvertent failure to provide adequate medical care does not state a claim cognizable under § 1983; rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Plaintiff's allegations against Sgt. Johnson can be read as alleging mere errors in judgment (or perhaps cowardice), rather than callous indifference to his safety, and his allegations against the Jane Doe nurses and Nurse Parker are particularly weak. During this initial review, however, the Court must read the complaint in a way most charitable to plaintiff. Accordingly, plaintiff has stated a colorable claim for relief under § 1983 against these defendants, for it is possible to construe his complaint as alleging acts of deliberate indifference by Johnson and the nurses.

Highways, 483 U.S. 468, 472-73 (1987); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984). The sovereign immunity granted by the Eleventh Amendment is not abrogated by the federal civil rights statutes. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989) ("§ 1983 was [never] intended to disregard the well-established immunity of a State from being sued without its consent"). Since the state has neither waived sovereign immunity nor consented to be sued in federal court, plaintiff's suit against the Georgia Department of Corrections is barred under the Eleventh Amendment. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [suit] against the Georgia Department of Corrections," regardless of the relief sought). Accordingly, plaintiff's claims against the Georgia Department of Corrections must be DISMISSED.

Plaintiff has also named Sgt. Lumpkin, Officer K. Bacon, and Jail Administrator Douglas Franks, all officials at the Liberty County Jail, as defendants. While plaintiff mentions these individuals in the body of his complaint, he does so *en passant* and fails to state a claim cognizable under § 1983 against them. Plaintiff alleges that upon arriving at the Liberty County Jail, he was referred to Sgt. Lumpkin to discuss his complaints and

was informed that Sgt. Lumpkin's shift was about to end. Plaintiff does not mention Sgt. Lumpkin again in his complaint or explain what role, if any, Lumpkin had in delaying plaintiff's access to medical attention. Without concrete allegations, plaintiff's complaint fails to state a claim against Sgt. Lumpkin. Similarly, plaintiff only mentions Officer K. Bacon once in his complaint. Plaintiff states that he submitted a grievance to Officer Bacon, but he has not shown any connection between his alleged constitutional deprivations and any actions of Officer Bacon. Finally, plaintiff alleges that Mr. Franks told plaintiff's mother that plaintiff would be taken to a hospital as soon as possible, but that he was never taken to a hospital. Such a statement does not establish the deliberate indifference to plaintiff's medical needs required to state an Eighth Amendment claim for inadequate medical care. See Estelle v. Gamble, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). The allegations against these defendants do not state a cognizable claim under § 1983. Accordingly, plaintiff's claims against these defendants should be DISMISSED.

Based on the foregoing, the Court recommends that a copy of plaintiff's complaint be served only upon Sergeant Johnson at the Georgia State Prison, the two Jane Doe nurses at the Georgia State Prison, and Darlene Parker at the Liberty County Jail. Plaintiff's complaint against Officer Haynes, the Georgia Department of Corrections, Sgt. Lumpkin, Officer K. Bacon, and Jail Administrator Douglas Franks of the Liberty County Jail should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 29th day of June, **2006.**

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA