IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENJAMIN R. SINGLETON, )
)
    Plaintiff, )
)
)
vs. ) CASE NO.: 406-CV-75
)
STATE OF GEORGIA DEPARTMENT )
OF CORRECTIONS, et al., )
)
    Defendants. )
)

## O R D E R

    Before the Court is the June 29, 2006 Report and Recommendation of the Magistrate Judge. For the reasons set forth below, the Court concurs with and adopts the Magistrate's recommendation in part.

    Plaintiff, an inmate at Wilcox State Prison in Abeville, Georgia brings this action under 42 U.S.C. § 1983. Specifically, he seeks compensatory and punitive damages for injuries he allegedly sustained as the result of a fire on board a prison transport vehicle on February 19, 2004. As explained in the Report and Recommendation, at the time of the fire, Plaintiff was being transported, along with other inmates, to the Georgia State Prison in Reidsville, Georgia. Plaintiff contends that he suffered injuries during the fire due to the actions of the transporting officers. He also maintains that officials at the Georgia State Prison and the Liberty County Jail were indifferent to his injuries resulting from the fire.

    The Magistrate conducted an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A. As a result, he recommended that a

number of Plaintiff's claims be dismissed. Specifically, he found that Plaintiff failed to state a cognizable claim against Defendants Officer Haynes, the Georgia Department of Corrections, Sergeant Lumpkin, Officer K. Bacon, and the Liberty County Jail Administrator Douglas Franks. However, reading the Complaint in the light most favorable to Plaintiff, the Magistrate found that it stated cognizable claims against Defendants Sergeant Johnson, Jane Doe #1, and Jane Doe #2. Thus, he directed that those Defendants be served with a copy of Plaintiff's Complaint.

The Court concurs with the majority of the Magistrate's recommendations. However, the Court does not agree with the Magistrate's conclusion that Plaintiff has failed to state a congnizable claim against Defendant Franks. The Court recognizes that Section 1983 does not allow claims of respondeat superior or vicarious liability. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, Franks cannot be held liable solely because he is the ultimate authority at the Liberty County Jail. Rather, he must have directly participated in an alleged constitutional deprivation or there must be some other causal connection between his acts or omissions and an alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam).

In his Complaint and Objections, Plaintiff maintains that Franks was notified by the jail staff as well as Plaintiff's family

2

that Plaintiff was in need of medical attention. (Doc. 1 at 13; Doc. 17 at 3-4.) Franks allegedly ignored these requests. Unwarranted delay in access to medical care can constitute deliberate indifference in violation of the Eighth Amendment as it is tantamount to the unnecessary infliction of pain. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Accordingly, liberally construed, Plaintiff's allegations state a cognizable claim of constitutional deprivation against Franks.

In sum, the Court agrees with the Magistrate's finding that Plaintiff has failed to state a cognizable claim against Officer Haynes, the Georgia Department of Corrections, Sergeant Lumpkin, and Officer K. Bacon. Accordingly, Plaintiff's claims against those Defendants are **DISMISSED**. Additionally, the Court agrees that Defendants Sergeant Johnson, Jane Doe #1, and Jane Doe #2 should be served with Plaintiff's Complaint. However, the Court does not concur with the Magistrate's conclusion that claims against Defendant Franks should be dismissed at this stage. This matter is **REFERRED** back to the Magistrate for proceedings consistent with this Order.

**SO ORDERED** this 27th day of July, 2006.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA