FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 13 AM 11: 47

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| BENJAMIN SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SGT. JEFFREY JOHNSON; ) | CASE NO. CV406-75 |
| DOUGLAS FRANKS, Jail ) | |
| Administrator; JANE DOE #1, ) | |
| Nurse; JANE DOE #2, Nurse; ) | |
| and DARLENE PARKER, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 42.)[1] Plaintiff asks the Court to reconsider the February 5, 2007 Order dismissing his Complaint for failure to exhaust administrative remedies. For the reasons that follow, this Motion is **DENIED**.

### BACKGROUND

In this 42 U.S.C. § 1983 action, Plaintiff alleges that prison officials were deliberately indifferent to his safety and medical needs. These allegations arise from a fire that occurred on February 19, 2004, while Plaintiff

---

[1] Plaintiff's Motion for Extension of Time to submit additional evidence is GRANTED (Doc. 47), and therefore the Court will consider the additional evidence submitted by both parties.

was being transported on a bus to the Georgia State Prison in Reidsville, Georgia.

Plaintiff filed an Informal Grievance on February 21, 2004, and a Formal Grievance on March 9, 2004. The warden denied the Formal Grievance, and Plaintiff received notice of this denial on March 30, 2004. The Georgia Department of Corrections Standard Operating Procedure (SOP) in effect at the time stated that an inmate will have "<u>four</u> (4) business days" to appeal a decision. (Doc. 38 ¶ VI(D)(5)(k)(change in emphasis.) Plaintiff appealed his Formal Grievance <u>five</u> business days later, on April 6, 2004. (Doc. 1)(showing signature by prison officials indicating that appeal was received on April 6, 2004 with a stamp showing receipt by the grievance office on April 9, 2004.) On April 12, 2004, the Department of Corrections informed Plaintiff that his appeal was untimely. (Doc. 1.)

Plaintiff filed a Complaint in this Court on February 21, 2006. Defendant Johnson filed a Motion to Dismiss arguing, among other things, that Plaintiff failed to exhaust his administrative remedies. Attached to the motion, Defendant submitted a version of the SOP that took effect on June 1, 2004. This version of the SOP gives an inmate <u>five</u> business days to appeal. In the Report and Recommendation, the Magistrate Judge noted that this

version of the SOP was not version in effect during the time period relevant to this action. Nevertheless, relying on the version of the SOP in the record, the Magistrate found that Plaintiff's appeal had been timely filed and recommended that Defendant's Motion to Dismiss be denied.

Defendant objected to the Report and Recommendation. In these Objections, Defendant submitted the SOP that was in effect during the relevant time period of March and April 2004. This version of the SOP states that the time period for filing an appeal was <u>four</u> business days. Relying on the SOP in effect at the time of Plaintiff's grievance, this Court found that Plaintiff's grievance appeal was untimely because it was filed on the <u>fifth</u> business day. Therefore, the Court held that Plaintiff had failed to exhaust administrative remedies and dismissed the case.

Plaintiff has filed a Motion for Reconsideration regarding two issues. First, he disputes the version of the SOP that includes the four-day time limit. Second, he claims that prison staff were responsible for the untimeliness of his grievance appeal.[2]

## ANALYSIS

---

[2] Plaintiff made this contention at the time he filed his Complaint (Doc. 1 at 2, 18), although it has not yet been considered by this Court.

3

Prior to bringing a § 1983 action challenging the conditions of his confinement, a prisoner is required to properly exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The United State Supreme Court recently held that an inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Woodford v. Ngo, 548 U.S. --, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," the inmate has not properly exhausted his administrative remedies. Id. at 2382. If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Id.; Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

In Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Ninth Circuit considered the proper pretrial motion for asserting that a prisoner has failed to exhaust his administrative remedies under the PLRA. The Court reasoned "that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b)

4

motion rather than a motion for summary judgment." Id. at 1119 (emphasis added). Because a motion contesting a prisoner's exhaustion of administrative remedies does not reach the merits of his underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the resolution of the motion leads the Court to conclude that the prisoner has not exhausted his administrative remedies, the Court should then dismiss the prisoner's claim. Like the Court in Wyatt, this Court finds that a motion to dismiss a prisoner's suit on the non-jurisdictional ground that he has failed to exhaust his administrative remedies under § 1997e(a) raises a matter of abatement subject to an "unenumerated" Rule 12(b) motion to dismiss. See also 5C Federal Practice and Procedure § 1360 (noting that the federal courts "traditionally have entertained certain preanswer motions that are not expressly provided for by the rules or by statute.").[3]

The result of this approach is that exhaustion constitutes a preliminary issue for which no jury trial right exists. This approach has been followed by this

---

[3] Defendants in prisoner litigation often raise the affirmative defense of failure to exhaust in the context of a motion for summary judgment. On a motion for summary judgment, however, the Court does not act as factfinder, and instead merely reviews the evidence to determine whether there is a genuine issue of material fact. Fed. R. Civ. P. 56(c).

5

Court and by other courts in this district. See Priester v. Rich, 457 F. Supp. 2d 1369 (S.D. Ga. 2006)(J. Edenfield)(appeal docketed); Stephens v. Howerton, CV105-171 (S.D. Ga. 2007)(J. Bowen)(appeal docketed); Lucas v. Barnes, CV407-02 (S.D. Ga. 2007)(J. Moore). Therefore, the Court will find facts and make credibility determinations regarding the availability of administrative remedies.[4]

## A. The SOP Time Limit

First, Plaintiff disputes the four business day time limit for filing an appeal that was in effect during April 2004. In support of his arguments, he has attached a sample grievance form that was revised on August 26, 2003 and states that an appeal form must be turned in to the grievance counselor "WITHIN FIVE (5) BUSINESS DAYS OF THE WARDEN / SUPERINTENDENT'S RESPONSE." (Doc. 48, Exhibit.) Plaintiff provides this form as evidence that the time limit was five business days.

In response, Defendant has provided versions of the SOP dating back to 1998 and showing the time period during which each version was in effect. (Doc. 51.) This

---

[4] Because 1997e(a) motions will often require the Court to consider evidence beyond the pleadings, a procedure closely analogous to summary judgment, the Court will continue to afford prisoner-plaintiffs notice of their opportunity to present evidence in opposition to such motions.

evidence shows that the SOP in effect during April 2004 contained a time limit of four business days.

If Plaintiff had been affirmatively misled by the grievance forms, then that could be a reason to excuse a late appeal. Cf. Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999)(holding that a prison cannot tell an inmate that resort to administrative remedies is "precluded" and then rely upon § 1997e(a) to argue that the inmate failed to exhaust available administrative remedies). In the instant case, however, Plaintiff's actual grievance form states that an appeal form must be turned in to the grievance counselor "WITHIN FOUR (4) CALENDAR DAYS OF THE WARDEN / SUPERINTENDENT'S RESPONSE." (Doc. 1, Grievance Form.) Because Plaintiff actually had four business days to file the appeal, his grievance form advised him of a shorter time limit than was provided for in the SOP. Therefore, although Plaintiff has presented evidence that the forms and SOP are sometimes inconsistent, the Court finds that this inconsistency played no part in the untimeliness of Plaintiff's appeal.

B. **The Availability of Administrative Remedies**

Plaintiff also claims that the untimeliness of his grievance appeal was caused by prison staff. He claims that he gave the grievance appeal form to his counselor one

day after he received the warden's response to his formal grievance on March 30, 2004. He states that he does not know why the form was not signed as "Date Appeal Received" until April 6, 2004. He suggests that it could be either misconduct or carelessness on the part of prison staff. He later filed a grievance against several prison counselors for allegedly failing to properly process his grievance appeal.

Although exhaustion of administrative remedies is mandatory, the exhaustion requirement may be excused if the inmate shows that administrative remedies were not available. A remedy that prison officials prevent a prisoner from utilizing is not an "available" remedy under § 1997e(a). Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). For example, administrative remedies are unavailable if prison officials tell an inmate that administrative remedies are "precluded," or if prison authorities refuse to give an inmate the appropriate grievance forms despite his requests. Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003). Threats of violent reprisal can render administrative remedies "unavailable" or otherwise justify an inmate's failure to pursue them. See, e.g., Hemphill v. New York, 380 F.3d 680, 688 (2d Cir.

2004). Several circuits have held that a prison's failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002). Taken together, these cases stand for the proposition that prison officials should not benefit from conduct which inhibits an inmate from properly exhausting administrative remedies.

Thus, the Court in this case must determine whether Plaintiff has met his burden of showing that prison officials inhibited him from properly exhausting his administrative remedies. The SOP has created a system for determining the dates on which various grievance actions occur. The grievance form is signed and dated every time an action occurs in the grievance process. The form contains no less than nine places where the form is dated as the grievance passes through the process, including the dates when the form is (1) issued to the inmate, (2) filled out by the inmate, (3) received from the inmate, (4) received by the warden, (5) forward back to the inmate, (6) received by the inmate, (7) appealed by the inmate, (8) received by the executive assistant at the Commissioner's office, and (9) forwarded back to the inmate.

Based on this process of documenting the timeline of individual grievances, the Court finds that the best evidence of the date of the appeal is the date the form was signed by prison staff. Plaintiff's grievance appeal form was signed as received five business days after he received the response to his formal grievance. This was one day after the four business day time limit in the applicable SOP. Therefore, Plaintiff failed to properly exhaust his administrative remedies, and the Court finds that he has not met his burden of showing that administrative remedies were unavailable.

Accordingly, the Motion for Reconsideration is **DENIED**.

SO ORDERED this 13th day of August, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA