IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BENJAMIN SINGLETON, )
)
    Plaintiff, )
)
v. ) CASE NO. CV406-75
)
SGT. JEFFREY JOHNSON, )
et al., )
)
    Defendants. )
)

# ORDER

This case is before the Court on remand from the Eleventh Circuit Court of Appeals. Defendants have filed a Motion to Dismiss. (Doc. 73.) For the reasons that follow, the Motion is **GRANTED**.[1]

## BACKGROUND

The issue before the Court is whether Plaintiff properly exhausted his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act (PLRA). See 42 U.S.C. § 1997e(a). To properly exhaust administrative remedies under the Georgia prison grievance procedure, Plaintiff was required to appeal the denial of his prison grievance within four business days. The prison documented that Plaintiff's grievance appeal was untimely

---

[1] Defendants' Motion to Stay Discovery (Doc. 76) is **DENIED AS MOOT**. Plaintiff's Motion to Appoint Counsel (Doc. 63) is **DENIED**.

filed on the fifth business day. Defendants contend that the case should be dismissed because Plaintiff failed to properly exhaust his administrative remedies. Plaintiff claims, in an affidavit, that he gave his appeal form to prison officials after one day, but that, for reasons unknown to him, it was not signed in by the grievance office until after the time limit expired.

On August 13, 2007, the Court considered the exhaustion issue in detail and discussed the approach that this Court believed should be followed in resolving questions of fact. The Court held (1) the district court should act as factfinder where there is a dispute of fact on the preliminary issue of exhaustion, (2) after the prison shows that grievance procedures are generally available and that a prisoner failed to properly exhaust, then the prisoner bears the burden of proof for showing that prison officials inhibited him from properly exhausting, and (3) Plaintiff had not met his burden of proof because the best evidence of the filing date was the date indicated on the grievance form. (Doc. 54.)

In an unpublished opinion dated May 14, 2008, the Eleventh Circuit Court of Appeals reversed and remanded, holding that this Court had erred in its approach. The Eleventh Circuit held that (1) a district court was not

entitled to serve as factfinder and should treat exhaustion as a matter for summary judgment, and (2) the Court erred by shifting the burden of proof to the Plaintiff.

Courts across the country are divided on both of these questions. Compare Pavey v. Conley, 528 F.3d 494, 496-498 (7th Cir. 2008)(district court should find facts), with Artis-Bey v. District of Columbia, 884 A.2d 626, 629 n.2 (D.C. Ct. App. 2005)(court must view contested issues of fact in the light most favorable to the non-movant). Compare Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (holding that defendants did not meet burden of proof as to non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance), with Lewis v. Washington, 300 F.3d 829, 834 (7th Cir. 2002)(holding that plaintiff bears burden of proof in showing that defendants' conduct prevented him from properly exhausting administrative remedies).

On June 20, 2008, however, the Eleventh Circuit issued a published opinion discussing the approach that district courts should follow when faced with disputes of fact on the preliminary issue of exhaustion of administrative remedies. See Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008). In Bryant, the Eleventh Circuit held that it is

proper for a judge to resolve factual disputes unconnected to the merits in deciding whether a prisoner has properly exhausted administrative remedies. Id. at 1376-77.

The Bryant decision is in direct conflict with the unpublished appellate decision issued in this case. In the Motion to Dismiss, Defendants ask this Court to follow the Eleventh Circuit precedent set by Bryant rather than the decision in this case.

## ANALYSIS

"Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." Alphamed, Inc. v. B. Braun Medical, Inc., 367 F.3d 1280, 1285-1286 (11th Cir. 2004). However, an exception exists where "subsequently released controlling authority dictates a contrary result." Id. at 1286 n.3 (citing Joshi v. Florida State Univ. Health Ctr., 763 F.2d 1227, 1231 (11th Cir. 1985)).

In this case, the Court holds that the published Bryant decision should be followed. Bryant is binding precedent in this circuit and therefore carries more weight than the unpublished decision issued in this case. Because the issue involves a procedural matter, there are no factual distinctions that could render Bryant inapplicable. Accordingly, under Bryant, this Court will find facts and

4

make credibility determinations regarding exhaustion of administrative remedies.

With respect to burden of proof, the Bryant decision is not in conflict with the unpublished appellate decision issued in this case. Therefore, consistent with the law established in this case, Defendants will bear the burden of proof on all elements of exhaustion.

The Court has already considered the factual issues in this case. As the Court stated in its previous Order:

> The SOP has created a system for determining the dates on which various grievance actions occur. The grievance form is signed and dated every time an action occurs in the grievance process. The form contains no less than nine places where the form is dated as the grievance passes through the process, including the dates when the form is (1) issued to the inmate, (2) filled out by the inmate, (3) received from the inmate, (4) received by the warden, (5) forward back to the inmate, (6) received by the inmate, (7) appealed by the inmate, (8) received by the executive assistant at the Commissioner's office, and (9) forwarded back to the inmate.
> Based on this process of documenting the timeline of individual grievances, the Court finds that the best evidence of the date of the appeal is the date the form was signed by prison staff. Plaintiff's grievance appeal form was signed as received five business days after he received the response to his formal grievance. This was one day after the four business day time limit in the applicable SOP.

(Doc. 54.)

The Court finds that Defendants have met their burden of showing that Plaintiff's appeal was untimely filed. Because Plaintiff failed to properly exhaust his administrative remedies, Defendants' Motion to Dismiss is **GRANTED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 18th day of August, 2008.

WILLIAM T. MOORE, JR. CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA